## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JENNIFER L. KEEN,<br>　　　　　Appellant, | DOCKET NUMBER<br>AT-0752-15-0473-I-1 |
| v. | |
| DEPARTMENT OF THE AIR FORCE,<br>　　　　　Agency. | DATE: December 29, 2016 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Neil C. Bonney, Esquire, Virginia Beach, Virginia, for the appellant.

Daniel J. Watson and James R. Haslup, Eglin Air Force Base, Florida, for
the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction her involuntary resignation appeal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2        The appellant previously was employed by the agency as a GS-12 Security Specialist.  Initial Appeal File (IAF), Tab 12 at 17.  On March 26, 2015, the deciding official for the agency issued a decision notice removing the appellant from her position for the Use of Abusive, Vulgar or Offensive Language in the Workplace, Deliberate Discrimination Based on Race or Color Creating and Perpetuating a Hostile or Offensive Work Environment, and Conduct Unbecoming a Civilian Employee.  *Id*. at 4.  The appellant resigned on the day she received the removal decision, before her removal was effected.  *Id*. at 17.

¶3        The appellant filed a Board appeal arguing that her resignation was involuntary.  IAF, Tab 1 at 3.  The administrative judge issued an order that informed the appellant of the criteria required to meet her burden of proving jurisdiction over her appeal, and the agency filed a motion to dismiss her appeal for lack of jurisdiction.  IAF, Tab 3 at 1-3, 9.  After holding a hearing, the administrative judge dismissed the appeal for lack of jurisdiction.  IAF, Tab 37, Initial Decision (ID) at 1.  The appellant filed a petition for review claiming bias by the administrative judge and restating some of the arguments that she made on appeal.  Petition for Review (PFR) File, Tab 1.  The agency responded in opposition to the appellant's petition.  PFR File, Tab 3.

<u>The appellant has not established that the administrative judge was biased.</u>

¶4    In making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980). The party must show that any such bias constitutes extrajudicial conduct rather than conduct arising in the administrative proceedings before him. *Ali v. Department of the Army*, 50 M.S.P.R. 563, 568 (1991). The appellant argues on review that, because of "her highly despicable and racist comments," the administrative judge disliked her. PFR File, Tab 1 at 16. In support of her argument of bias, the appellant argues that the administrative judge "did everything he could" to rule against her based on unreviewable credibility determinations. *Id.* However, the mere fact that the administrative judge ruled against the appellant in making his credibility determinations is insufficient evidence of bias. The appellant fails to identify any improper comments or actions by the administrative judge that plausibly indicate favoritism. *See Rolon v. Department of Veterans Affairs*, 53 M.S.P.R. 362, 366-67 (1992). We therefore reject the appellant's suggestion that the administrative judge is biased in favor of the agency.

<u>The appellant failed to prove that the Board has jurisdiction over her appeal.</u>

¶5    It is well settled that resignations are presumed to be voluntary actions and thus outside of the Board's appellate jurisdiction. A forced resignation, however, is tantamount to a removal that is appealable to the Board. *See Aldridge v. Department of Agriculture*, 111 M.S.P.R. 670, ¶ 7 (2009). An appellant must show by preponderant evidence that a resignation was involuntary and thus within the Board's jurisdiction. *Id.*; *see Shoaf v. Department of Agriculture*, 260 F.3d 1336, 1341 (Fed. Cir. 2001). To overcome the presumption of voluntariness which normally attaches to a resignation, an appellant must show that her decision to resign was the result of agency misrepresentation, coercion, or duress. *See Salazar v. Department of Army*, 115 M.S.P.R. 296, ¶ 9 (2010). For the

reasons explained below, we find that the administrative judge correctly dismissed this appeal for lack of jurisdiction.

The administrative judge correctly found that the appellant failed to prove that her resignation was involuntary because of agency misinformation.

¶6    When, as here, the appellant claims that her decision to resign was the result of agency misinformation, she must show that:  (1) that the agency made misleading statements; and (2) she reasonably relied on the misinformation to her detriment.  *Id*.    An appellant, however, need not show that the agency intentionally misled her, and an agency is required to provide accurate information to permit an employee to make an informed, and thus voluntary, decision regarding her retirement or resignation.  *Id*.

¶7    On review, the appellant reasserts the argument she made on appeal that her resignation was the result of agency misinformation.  IAF, Tab 8 at 4; PFR File, Tab 1 at 8-14.    Specifically, the appellant argues that an agency personnel specialist advised her that her official record would indicate a removal unless she resigned before it became effective.  PFR File, Tab 1 at 8.  The appellant argues that the specialist did not tell her that her official record would show that she resigned pending an adverse action and would include information about the removal.  *Id*. at 9-12.  The appellant also argues that the specialist misinformed her that she would retain her Board appeal rights if she resigned.[2]  *Id*. at 12-14.

¶8    We have reviewed the initial decision and agree with the administrative judge that the appellant has failed to show that her resignation was involuntary as a result of agency misinformation.  ID at 15.  The administrative judge found that the appellant's misinformation claims were based on two conversations that she had with a personnel specialist on January 29, 2015, and March 26, 2015, and a brief conversation that the appellant had with her supervisor on March 26 before

---

[2] The appellant does not object to the administrative judge's finding that the agency did not mislead or deceive her about her deferred retirement options, and we find no reason to disturb those findings.  ID at 14-15.

she resigned. ID at 7. After listening to the testimony of the appellant, her former supervisor, and the personnel specialist concerning what was discussed in the parties' respective conversations, the administrative judge found the agency witnesses' testimony more credible than the appellant's testimony. ID at 11.

¶9 The administrative judge based his credibility determinations on his observations of the demeanor of the witnesses at the hearing, and the Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at a hearing. ID at 11-14; *see Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). The Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe*, 288 F.3d at 1301.

¶10 The administrative judge found that the agency's personnel specialist credibly testified that, during a January 29, 2015 meeting about the proposal to remove the appellant, she informed the appellant that she could appeal to the Board if the removal was effected. ID at 10, 13. The administrative judge noted an inconsistency in the testimony of the personnel specialist in response to a hypothetical question on cross-examination about the appellant's appeal rights. ID at 12-13. However, the administrative judge credited the personnel specialist's testimony that she did not remember discussing the appellant's appeal rights at the March 26, 2015 meeting and that, if she did, she would have referred the appellant to the removal decision letter.[3] ID at 11-13. The administrative judge found that the personnel specialist provided a declaration consistent with her testimony, she was a seasoned personnel specialist, and she had no motive to encourage the appellant to resign or to provide her with misleading information. ID at 13 & n.5.

¶11 The Board has considered the excerpts from the personnel specialist's testimony, which the appellant submits on review as proof that she received

---

[3] The removal decision letter accurately stated the appellant's appeal rights. IAF, Tab 12 at 4-5.

misleading information about her appeal rights. PFR File, Tab 1 at 13. But considering the personnel specialist's testimony as a whole, in context with the questions asked and answered concerning this issue, we find no reason to disturb the administrative judge's well-reasoned demeanor‑based findings on this issue. PFR File, Tab 3 at 11.

¶12        Applying the *Hillen* analysis to resolve the credibility issues presented, the administrative judge found that the appellant was biased in her version of the events and he questioned her credibility based on her character and her demeanor at the hearing. ID at 11-15; *see Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987).[4]  The administrative judge also found that the appellant's testimony was evasive, vague, self-serving and inconsistent with the established facts. ID at 14. For example, he noted that the agency's decision letter specifically informed the appellant that her removal could not be appealed before the effective date, and he found it unlikely that the appellant believed that she could appeal the removal action because her resignation prevented her removal from going into effect. ID at 11 n.4, 12-13.

¶13        Regarding the appellant's argument that the agency misled her into believing that resigning would keep the removal action out of her official records, the administrative judge credited the personnel specialist's testimony that she did not recall discussing the appellant's desire for a clean record with the appellant. ID at 10-13. The administrative judge also found that the agency provided the appellant with a request for personnel action to review concerning

---

[4] To resolve credibility issues, an administrative judge must identify the factual questions in dispute, summarize the evidence on each disputed question, state which version he believes, and explain in detail why he found the chosen version more credible, considering such factors as: (1) the witness's opportunity and capacity to observe the event or act in question; (2) the witness's character; (3) any prior inconsistent statement by the witness; (4) a witness's bias, or lack of bias; (5) the contradiction of the witness's version of events by other evidence or its consistency with other evidence; (6) the inherent improbability of the witness's version of events; and (7) the witness's demeanor. *Hillen*, 35 M.S.P.R. at 458.

her resignation and the remarks section stated: "Agency finding: Resigned after receiving written notice on 26-MAR-2015 of proposal to separate for use of abusive, vulgar, or offensive language in the workplace and deliberate discrimination based on race/color creating hostile work environment." ID at 4; IAF, Tab 12 at 15-16. The administrative judge considered the appellant's testimony that she did not notice the agency's remarks when she reviewed and signed the document, but found her claim improbable considering the gravity of the situation and the appellant's alleged concern about obtaining a clean record. ID at 11-12. We agree with the administrative judge's findings on this issue.

¶14    Because the appellant has not shown that the administrative judge's findings are incomplete, inconsistent with the weight of the evidence, and not reflective of the record as a whole, we find no reason to disturb the administrative judge's demeanor-based credibility determinations. *See Faucher v. Department of the Air Force*, 96 M.S.P.R. 203, ¶ 8 (2004). We therefore affirm the administrative judge's finding that the appellant failed to prove that the agency provided her with misleading information or that she reasonably relied upon that misinformation to her detriment. ID at 15.

The appellant failed to prove that her resignation was involuntary because of agency coercion.

¶15    A resignation to avoid a threatened removal also may be considered coerced if the employee can show that the agency had no reasonable grounds for threatening the action. *Lamb v. U.S. Postal Service*, 46 M.S.P.R. 470, 475 (1990). If the employee can show that the agency knew or should have known that the removal could not be sustained, the threatened action is deemed coercive. *Id*. On review, the appellant reasserts the argument she made on appeal that the agency knew or should have known that her removal could not be sustained because she previously was disciplined in May 2011 for the same misconduct. PFR File, Tab 1 at 14-16; IAF, Tab 1 at 4.

¶16     To determine whether an appellant has been disciplined twice for the same misconduct, the Board must do more than simply compare the charges that the agency has brought against the appellant. *Frederick v. Department of Homeland Security*, 122 M.S.P.R. 401, 407 (2015). The Board must examine the factual specifications supporting the charges levied against the appellant, i.e. the underlying "cause" relied upon by the agency for taking the disciplinary action. *Id.* (internal citations omitted). Ultimately, the Board must find that the charges "depend on different facts." *Id.*

¶17     The administrative judge compared the charges the agency relied upon in the proposed removal in 2015 and the proposed reprimand in 2011 and concluded that the appellant was not subjected to double punishment. ID at 17-19. Based on the deciding official's testimony and the record evidence, the administrative judge also found that, as a result of the equal employment opportunity (EEO) investigation and the Office of Federal Operations' decision finding that the appellant had engaged in race discrimination, the agency learned that the appellant's improper conduct was much more pervasive than it previously had thought.[5]  ID at 2, 18. In contrast, the administrative judge found that the appellant offered nothing more to support her claim than her mere assertions that she already was punished. ID at 17.

¶18     On review, the appellant provides no new evidence or argument proving that she previously was disciplined for the same misconduct underlying her removal. For example, the appellant argues that her proposed removal was based in part on a March 31, 2011 incident when she said, "stop slurping you [expletive] pig," but she was verbally counseled for that misconduct on April 5,

---

[5] In reaching his decision, the administrative judge credited the deciding official's testimony, which he based on his review of the EEO decision and the investigative record, that there was ample evidence of improper conduct by the appellant that went well beyond the appellant's charged misconduct in her 2011 Letter of Reprimand. ID at 18. The administrative judge also compared the proposed reprimand in 2011 with the proposed removal in 2015.

2011. PFR File, Tab 1 at 15. However, the administrative judge considered this evidence on appeal and correctly found that the appellant could not rely on her April 2011 nondisciplinary letter of counseling to support her claim of double punishment. ID at 15 n.6, 18. A nondisciplinary letter of counseling is not considered an adverse action; therefore, the appellant's counseling letter did not preclude the agency from taking later disciplinary action on the same basis. *See id.*; *Social Security Administration v. Carr*, 78 M.S.P.R. 313, 332 (1998), *aff'd*, 185 F.3d 1318 (Fed. Cir. 1999).

¶19        On review, the appellant also restates the argument she made on appeal that her July 5, 2011 reprimand covered the same racist statements that the agency relied upon in her removal. PFR File, Tab 1 at 15-16. We agree with the administrative judge's finding that the appellant failed prove that the agency knew that her removal could not be sustained. ID at 18-19. The administrative judge noted that, when questioned on cross-examination regarding some of the specific statements that were cited in her proposed removal, the appellant admitted that those statements could not have served as the basis for her 2011 reprimand because they were made after the reprimand was issued. ID at 16 n.8. The record supports the administrative judge's finding that although the appellant was punished for similar misconduct in 2011, her proposed removal was based upon numerous other incidents of misconduct that took place in 2011 for which she had not been punished. ID at 15.

¶20        We find that none of the appellant's arguments and allegations of error on review present a basis for disturbing the administrative judge's well-reasoned findings that the appellant failed to establish jurisdiction over her appeal and prove that her decision to resign was the involuntary result of agency misrepresentation or coercion. ID at 19; *see Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health*

*& Human Services*, [33 M.S.P.R. 357](#), 359 (1987) (same). We therefore deny the petition for review.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* [5 U.S.C. § 7703](#)(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, [931 F.2d 1544](#) (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 ([5 U.S.C. § 7703](#)) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
Jennifer Everling
Acting Clerk of the Board

Washington, D.C.